(Pleito No. 67.—Fallado el 24 de Julio de 1900.)

## VALDECILLA contra AUFFANT.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Ponce.

1.—VENTAS EN VIRTUD DE EJECUCIÓN. Una venta hecha en virtud de acción ejecutoria no da entrada á un título sobre un inmueble en cuanto á tercero, quien, no habiendo sido parte en la demanda, hizo su reclamación de buena fe y con un título anterior no inscrito.

2.—TERCEROS.—El propietario absoluto de una finca con un título anterior no inscrito no es un tercero dentro del significado de los conceptos expresados

en los artículos 23, 25, 278 y 389 de la Ley Hipotecaria, los cuales se refieren á gravámenes de terceros, quienes tienen derecho á entablar acción distinta y separada para recobrar la propiedad después de una venta en virtud de acción ejecutoria.

## SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y cuatro de Julio de mil novecientos, en los autos de juicio declarativo de menor cuantía, seguidos en el Tribunal del Distrito de Ponce por demanda de Don Pedro Auffant y Figueroa, comerciante, vecino de dicha Ciudad, contra Don Raimundo Valdecilla y Córdova, comerciante, de igual vecindad y Don Ezequiel Medina y Rivera, declarado rebelde ; sobre nulidad de la vía de apremio de un juicio ejecutivo seguido entre los dos últimos, y declaratoria de propiedad de una casa de madera á favor del primero ; autos pendientes ante Nos en recurso de casación por infracción de ley que ha interpuesto el demandado Valdecilla, á quien representa y dirige el Letrado Don Antonio Alvarez Nava ; estando representado y dirigido el demandante Auffant por el Licenciado Don Herminio Díaz Navarro ; no habiendo comparecido el otro demandado Don Ezequiel Medina.— Resultando : Que Don Raimundo Valdecilla siguió un juicio ejecutivo contra Don Ezequiel Medina en cobro de pesos y, en su consecuencia, se le embargó una casa de madera y un solar valorados en ochocientos pesos, se dictó sentencia de remate el veinte y dos de Julio de mil ochocientos noventa y seis y se adjudicó lo embargado al ejecutante por las dos terceras partes del avalúo, por no haber concurrido licitadores al acto de la subasta, dictándose el auto de adjudicación en treinta de Septiembre del año siguiente de mil ochocientos noventa y siete.—Resultando : Que Don Pedro Auffant y Figueroa presentó demanda de tercería de dominio sobre la casa embargada, el once de Septiembre del citado año, fundándola en una escritura de compra de dicha casa á Don Tomás Lagomarsini de diez y nueve de Junio, quien á su vez la adquirió de Don Ezequiel

Medina, dueño también del solar en que está enclavada, según escritura de veinte y nueve de Febrero de mil ochocientos noventa y seis, cuya demanda se rechazó de plano por el extinguido Juzgado de 1ª Instancia de Ponce, por el defecto de no estar inscrito el título en el Registro de la Propiedad ; entablando Auffant recurso de apelación que le fué admitido en ambos efectos y la Audiencia Territorial por auto de dos de Marzo de mil ochocientos noventa y ocho, revocó la resolución del Juzgado, y le mandó proceder con arreglo á derecho.—Resultando : Que al reproducir Auffant su demanda de tercería, fundado en la anterior resolución superior, se le proveyó que no había lugar á admitirla por estar ya adjudicada en pago la casa á que se refería, reservándole su derecho para que lo ejercitase en la forma que determina el artículo 1,531 de la Ley de Enjuiciamiento Civil.—Resultando : Que Don Pedro Auffant, en juicio declarativo de menor cuantía, solicita la nulidad de todo lo actuado en el juicio ejecutivo en cuanto á la casa se refiere desde la presentación de la demanda de tercería y que se declare asimismo que la casa, objeto del pleito, es de su exclusiva propiedad con los demás pronunciamientos del caso, con el aditamento de que se impongan las costas á aquél de los demandados que se opusiere, toda vez que dirige su acción contra Valdecilla y Medina.—Resultando : Que opuesto sólo el primero, suministradas pruebas tomadas del ejecutivo, y sustanciado el juicio, el Tribunal de Ponce dictó en diez de Febrero último sentencia declarando nulas todas las diligencias del procedimiento de apremio de los autos ejecutivos seguidos por Valdecilla contra Medina en cuanto á la casa que fué objeto de la tercería, á partir del once de Septiembre del noventa y siete, fecha de su presentación, declara igualmente que la casa de madera rematada y adjudicada á Valdecilla en aquel ejecutivo es de la exclusiva propiedad de Don Pedro Auffant y se condena á aquél á desalojarla y entregarla á éste en el término de tercero día, y en las costas.—Resultando : Que Don Raimundo Valdecilla ha interpuesto re-

curso de casación por infracción de ley, fundándolo en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil y citando como infringidos: 1º y 2º los artículos 260, 742, 740, 741, 743, inciso 1º del 744 y 1,496 de la Ley de Enjuiciamiento Civil, porque se declara la nulidad de autos ejecutivos terminados entre Valdecilla y Medina, á petición de uno que no fué parte en ellos; porque la nulidad es una incidencia del juicio y no puede alegarse como cuestion de fondo en pleito separado y menos cuando éste ha terminado por adjudicación en pago, puesto que la trasmisión equivale á una venta irrevocable.—3º Por su aplicación los artículos 334 y 335 del Código Civil y 2º de la Ley Hipotecaria y por inaplicación los 27, 23 y 389 de la misma, toda vez que en la sentencia se considera como bien mueble la casa en cuestion, cuando no lo es, y porque teniendo Valdecilla el carácter de tercero respecto al contrato de Auffant con Lagomarsini que son los otorgantes del título de compra de la casa, no debió admitirse en juicio en perjuicio del recurrente, sin el requisito de la inscripción.—4º El I,531 de la la Ley de Enjuiciamiento Civil, porque hecha la adjudicación en pago, no debió admitirse la tercería.—5º Los artículos 353 y 361 del Código Civil y el artículo 107 inciso 1º de la Ley Hipotecaria, puesto que una casa es una accesión del suelo y si el dueño procede de buena fe sólo tiene derecho á una indemnización. pero nunca, como se declara en la sentencia, á quedar con lo edificado, sino en el caso de salvar los derechos del dueño del suelo, á cuyo efecto debe inscribir el suyo en el registro, con cuya formalidad no ha cumplido el demandante, y sin embargo se le ha declarado dueño.—Y 6º La disposición 79ª de la Orden General de diez de Agosto último, por cuanto al imponer las costas á Valdecilla, se ha cometido error en la apreciación de pruebas, considerando temerario á éste cuando consta documentalmente que quien rechazó la tercería fué el Juez y él, en la vía de apremio, adjudicó la casa al acreedor en pago de su crédito.—Resultando: Que la representación de Auffant se

opuso á la pretensión contraria, alegando en primer término la incompetencia de este Tribunal por la cuantía de lo discutido, menor á su juicio, de cuatrocientos dollars, y después alega que no se han cometido las infracciones en que se funda el recurso.—Vistos: Siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.—Considerando: Que no constando precisa y concretamente determinado el valor actual de la casa en cuestión, cuya propiedad se reclama junto con la nulidad de las actuaciones de un juicio distinto, no es posible determinar que por la cuantía sea incompetente este Tribunal.—Considerando: Que si el artículo 1,531 de la Ley de Enjuiciamiento Civil no da entrada á las tercerías de dominio cuando se ha adjudicado en pago y entregado al ejecutante los bienes á que se refiera, también es cierto que deja á salvo el derecho del tercero para deducirlo contra quien y como corresponda, y claro es que creyéndose Auffant dueño de la casa adjudicada y entregada á Valdecilla, pudo establecer esta demanda de nulidad y reivindicación separadamente, porque en el ejecutivo no era parte Auffant y estaba además terminado, y por ese fundamento se le rechazó como tercero cuando intentó la entrada.—Considerando: Que la resolución recurrida no infringe los artículos de procedimiento que se citan en el 1.º, 2.º y 4.º motivos, porque todas las diligencias practicadas en el ejecutivo por el extinguido Juzgado de Ponce después de la providencia de once de Septiembre de mil ochocientos noventa y siete dictada en la tercería, y cuya apelación se admitió en ambos efectos, estaban subordinadas en cuanto á su eficacia á lo que resolviera la Audiencia Territorial sobre dicho provisto, y revocado éste no existe medio legal para dar validez á la adjudicación y entrega de una casa, cuya propiedad se ha discutido y probado en este juicio con audiencia de los que figuran como ejecutante y ejecutado en el referido ejecutivo, del cual se rechazó como tercero al mencionado Auffant.—Considerando: Que la discusión entablada sobre el concepto de mueble ó inmueble de la casa en litigio,

no tiene en el momento presente finalidad práctica, ni se funda precisamente en ese motivo el fallo recurrido, por cuya razón no resultan infringidos, por su aplicación, los artículos 334 y 335 del Código Civil y 2º de la Ley Hipotecaria.—Considerando : Que según la doctrina de las sentencias del Tribunal Supremo de Madrid de diez y siete de Mayo y doce de Diciembre de mil ochocientos noventa y ocho, los terceros á que se refieren los artículos 23, 25 y 27 de la Ley Hipotecaria son únicamente aquellos que sobre las fincas ó derechos que son objeto del litigio tienen inscritos con anterioridad sus respectivos títulos, y que la prescripción del artículo 389 de la propia ley, según la cual deben rechazarse en juicio los títulos sujetos á inscripción no inscritos, se limita ó contrae á los que perjudiquen á tercero en el sentido que tiene esta palabra dentro de nuestro sistema hipotecario.—Considerando : Que no constando que Don Raimundo Valdecilla tenga inscrito anteriormente su título, mal puede ostentar legítimamente con relación á Auffant la cualidad de tercero en la acepción expresada, de donde resulta que no se han cometido las infracciones que se alegan en el tercer motivo.—Considerando : En cuanto al quinto que los artículos que se citan del Código Civil establecen las relaciones y derecho entre el dueño del suelo y el del edificio en él construído ; pero en manera alguna se refieren al que con justo título reclama lo que le pertenece y que en nada afecta en este caso al que resulte dueño del suelo, cuyos derechos bajo ningún concepto se tratan hoy de discutir, y antes al contrario se le respetan en la sentencia recurrida.—Considerando: Que no ha llegado el caso de cumplir con lo dispuesto en el inciso 1º del artículo 107 de la Ley Hipotecaria, porque no se ha tratado de hipotecar la casa en litigio para dejar á salvo el derecho del dueño del suelo, único caso en que tendría aplicación valiosa la disposición citada, y que también se cita como infringida.—Considerando : Que la disposición 79ª de la Orden General número 118 de diez y seis de Agosto de

mil ochocientos noventa y nueve, tampoco resulta infringida porque aunque ella prescribe la procedencia del recurso de casación por infracción de ley en la apreciación de toda clase de pruebas, no puede en modo alguno referirse á la apreciación de la razón ó de la temeridad que debe ser el fundamento de la decisión de este punto y que es discrecional del Tribunal, sin que puedan, por lo tanto invocarse contra ellas reglas taxativas ni documentos auténticos á fin de imponer una estimación contraria, como se indica por el recurrente que, conociendo las vicisitudes de la tercería y los títulos de ventas anteriores á su reclamación ejecutiva, se opuso en este juicio á la pretensión de Don Pedro Auffant.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Raimundo Valdecilla y Córdova, á quien condenamos al pago de las costas, y líbrese al Tribunal del Distrito de Ponce la certificación correspondiente con devolución de los autos que ha remitido—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y cuatro de Julio de mil novecientos.—E. de J. López Gaztambide.